### In re BARLOW'S ESTATE.

County Judge's Court, Palm Beach County.

June 17, 1954.

Saunders, Curtis & Ginestra, Fort Lauderdale, for petitioner.

Brown, Dean & Hill, Miami, for respondent.

RICHARD P. ROBBINS, County Judge.

Joseph T. Barlow died January 26, 1951, leaving his last will and testament which was duly admitted to probate by the orphan's court, Prince George's County, Maryland, on April 10th of that year. In the proceedings had there it appears that the Maryland court determined and adjudicated that the defendent was domiciled in Maryland at the time of his death. Frances B. Barlow, widow of the decedent and sole devisee and legatee under his will, administered the estate and was discharged as executrix on December 18, 1951.

On November 2, 1953 one Thomas F. Neary, a resident of Palm Beach County, filed a petition in this court in which he requests the appointment of a capable and disinterested person as ancillary administrator with the will annexed. It is not clear from the petition just what interest Neary has in the estate of decedent. He describes himself and members of his family as "debtors" of the estate, but this is contradicted by the allegations of his petition, which state—"that it is necessary that ancillary letters of administration be issued by this court in order that your petitioner, and the other members of his family who are debtors of the decedent, can obtain service of process upon the personal representative appointed by this court, in suits which must be brought for the collection of the sums owing to the said debtors."

At a hearing before the court on the petition and the answer filed by the respondent, Frances B. Barlow, it was disclosed that petitioner and members of his family are not debtors of the estate

but claim to have a cause of action against decedent's personal representative under the Florida Wrongful Death Statute because of the wrongful act, negligence, carelessness and default of the decedent while operating a motor vehicle in this state.

Section 732.06, Florida Statutes 1953, in pertinent part provides as follows—

> *Venue of probate proceedings.*—The venue of probate of all wills and granting of letters of administration shall be:
>
> (1) In the county in this state where the decedent had his domicile.
>
> (2) If the decedent had no domicile in this state, then in any county in which the decedent was possessed of any property.
>
> (3) If the decedent had no domicile in this state and was possessed of no property in this state, then in the county where any debtor of the decedent resides.

It affirmatively appears by the allegations of the petition that the decedent had no domicile in Florida, nor did he possess any property in this state.

If the decedent had been domiciled in Florida at the time of his death this court would have jurisdiction to appoint an administrator.

In Edwards v. Sullivan (Sup. Ct.), 102 N.Y.S. 2d 951, the court said at page 957—"It seems somewhat illogical to make the validity of the appointment of an administrator to enforce a death claim depend upon the fortuitous circumstance that the non-resident decedent left personal property within the state, but this seems to be the rule supported by the weight of authority." The petitioner and members of his family not being debtors of the estate, the rule announced by the New York court at page 959 that—"The jurisdiction of the Florida probate court must therefore rest upon a finding either that the decedent was domiciled in Florida or that he left . . . property in the state at the time of his death" is applicable to this case.

It is therefore ordered that the motion incorporated in the answer of the widow, Frances B. Barlow, to dismiss the petition on the ground that there is no statutory law in this state, or rule of law or of court, authorizing the proceeding sought therein, be and the same is granted, and the petition is dismissed with prejudice.